**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

True Value Company,

       Plaintiff,

vs.

                                      **COMPLAINT**

                                      **JURY TRIAL DEMANDED**

Andrew Bucklin and
True Value Web, LLC,

       Defendants.

## I. NATURE OF THE CASE

This is a case of trademark dilution, trademark infringement and violation of the federal Anti-Cybersquatting Act. In this action, Plaintiff seeks an Order enjoining Defendants from use of its TRUE VALUE mark, an award of statutory damages, and an award of attorneys' fees and costs of this action.

## II. JURISDICTION AND VENUE

1. Jurisdiction is proper under 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. § 1121.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b).

## III. THE PARTIES

3. The True Value Company is a cooperative corporation organized under the laws of Delaware, with a principal place of business at 8600 W. Bryn Mawr Avenue, Chicago, Illinois 60631-3505 (hereinafter "True Value"). True Value is engaged in the offering of various goods and services in connection with its approximately 5,000 member-

shareholders, each of whom operate a retail store or stores in various locations throughout the United States.

4. Defendant True Value Web, LLC (hereinafter "TrueValueWeb") is a limited liability company organized under the laws of the Commonwealth of Virginia, with a principal place of business at 402 Kensington Drive, Fredericksburg, VA 22405. No geographic boundaries exist for TrueValueWeb, as it provides its goods and services via telecommunication and around the clock. TrueValueWeb touts the provision of remote services provided from afar.

5. Andrew Bucklin (hereinafter "Bucklin") is the founder, owner, registered agent for, and principal member of, True Value Web, LLC. Andrew Bucklin resides at the same address as the principal business address of TrueValueWeb: 402 Kensington Drive, Fredericksburg, VA 22405.

## IV.  FACTUAL ALLEGATIONS

### PLAINTIFF'S BUSINESS AND TRADEMARKS

6. This Complaint is based on Plaintiff's trademark rights in its TRUE VALUE trademark, which is the subject of protection by virtue of numerous incontestable U.S. registrations, bearing United States Trademark Registration Nos. 1090538, 1128202, 268245, 3068139, and 3971372, among others (hereinafter the "TRUE VALUE Marks," TRUE VALUE trademarks" or "Plaintiff's marks).

7. With many retail operations in many states, including the Commonwealth of Virginia, the TRUE VALUE Marks have been used by members for more fifty years nationwide and are widely known.

2

8. With significant advertising and publicity, and having gained extensive recognition, the TRUE VALUE marks are famous.

9. As a membership benefit, True Value offers various business services to its members. These include but are not limited to website design and development services, business and marketing consultation services, advertising services, and business support services.

10. To that end, Plaintiff has operated a secure online website at <truevalue.com> wherein, among other services, consumers can shop online and access relevant informational sites, including truevaluepaint.com and StartRightStartHere.com. Plaintiff also owns many other domain names comprised of the "true value" root, including <truevalueservices.net>, <truevaluecompany.com>, <truevalueservices.com>, <1truevalue.com>, <truevalueautosales.com>, <truevalueswer.com>, <paintingbytruevalue.com>, and <truevaluetools.com>. These websites, either directly or by linking to an affiliated site, generate business for Plaintiff and allow it to develop and maintain relationships with its customers.

11. Defendants are in the business of providing the same website design and development services under the corporate name True Value Web, LLC and through a website hosted at the domain <truevalueweb.com>.

12. Defendants know and have known at all relevant times about Plaintiff's trademark rights in TRUE VALUE.

13. Defendants adopted the corporate name True Value Web, LLC and registered <truevalueweb.com>, well after Plaintiff's TRUE VALUE marks and brand had become distinctive and famous.

3

14. After Defendants' business became active in 2010, Defendants received a May 20, 2011, cease and desist communication concerning the TRUE VALUE marks.

16. Soon after the cease and desist was received in 2011, Defendants intentionally provided material and misleading false contact information when they changed the WHOIS record for the <truevalueweb.com> domain to that of a friend who was not related to the company and lived overseas in China.

17. Defendants' true identity became known when they appeared to defend an action brought to obtain transfer of the domain through the ICAAN's Uniform Dispute Resolution Procedure.

18. Defendants have refused to comply with Plaintiff's cease and desist communication and today use the <truevalueweb.com> domain and site for profit and in a willful manner.

## V. CLAIMS

### COUNT I:  Violation of 15 U.S.C. § 1114 and 765 Ill.Comp Stat. 1036/65 - Federal Trademark Dilution and Illinois State Law Prohibiting Dilution

19. Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1-18 as though fully set forth herein.

20. Plaintiff's TRUE VALUE marks are famous.

21. Defendants' adopted the TRUE VALUE mark without authorization from Plaintiff.

22. Defendants' use of the TRUE VALUE mark is in commerce, for commercial purposes.

23. Defendants' use is likely to cause dilution of the TRUE VALUE mark.

24. Defendants' continuing infringement of Plaintiff's mark has caused, and will continue to cause irreparable harm to Plaintiff for which there is no adequate remedy at law.

### COUNT II: Violation of 15 U.S.C. § 1114 - Federal Trademark Infringement

25. Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1-24 as though fully set forth herein.

26. Plaintiff owns numerous and significant United States Trademark Registration Certificates for its TRUE VALUE marks.

27. Plaintiff uses the TRUE VALUE mark and marks extensively in commerce.

28. Plaintiff's TRUE VALUE mark is a distinctive and famous mark that is associated with Plaintiff and exclusively identifies Plaintiff's products and services to consumers.

29. Defendants have used and continue to use Plaintiff's mark in connection with services in commerce, in a manner that is likely to cause confusion, mistake, or deception as to the origin, sponsorship or approval of such goods or services.

30. Defendants' actions constitute trademark infringement under 15 U.S.C. § 1114.

31. Defendants' continuing infringement of Plaintiff's mark has caused, and will continue to cause irreparable harm to Plaintiff for which there is no adequate remedy at law.

### COUNT III: Violation of 15 U.S.C. § 1125(d) - Cybersquatting Under the Anti-Cybersquatting Consumer Protection Act

32. Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1-31 as though fully set forth herein.

33. Plaintiff's TRUE VALUE was famous well before Defendants registered the <truevalueweb.com> domain.

34. Defendants registered, used and is using a domain that is identical in part, and confusingly similar to, Plaintiff's mark.

35. Defendants have and have had a bad faith intent to profit from the TRUE VALUE mark in their use of the <truevalueweb.com> domain in violation of 15 U.S.C. § 1125(d).

36. Defendants' conduct has caused and will continue to cause irreparable harm to Plaintiff, for which there is no adequate remedy at law.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an Order providing the following relief:

1. Permanently enjoining Defendants from use of Plaintiff's TRUE VALUE marks (and any confusingly similar mark) in its corporate name, in any domain, in any promotion, sales or website materials, in print and verbal advertising, and online in any form, and

2. Directing Defendants to file with this Court within 30 days a report in writing under oath setting forth with detail the manner and form in which they have complied with the aforesaid injunction.

3. Making an award of all damages and items recoverable under 15 U.S.C. § 1117, including (i) an award statutory damages of $100,000; and (ii) an award of Plaintiff's attorneys' fees and costs of this action; and

4. Any and all other such equitable relief as justice requires.

Respectfully Submitted,

Dated: July 9, 2013

By: <u>s/Kristine M. Boylan</u>
Kristine M. Boylan (N.D.IL # 90785470)
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2215
Telephone No. 612.332.5300
Telefacsimile No. 612.332-9081

*Attorney for Plaintiff True Value Company*